UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**BENSON EVERETT LEGG**<br>Chief Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0723 |

September 9, 2009

TO COUNSEL OF RECORD RE:    Cunningham v. Life Insurance Company of North America
Civil Action No. L-08-1558

Dear Messrs. Cunningham, Taylor, and Gunderson:

  This is a case brought under the Employee Retirement Income Security Act ("ERISA"). Now pending is Defendant Life Insurance Company of North America's ("LINA's") Motion to Dismiss. (Docket No. 7). For the reasons stated below, Defendant's motion is GRANTED and the Clerk is DIRECTED to close the case.

  The facts of this case are described in full in the parties' briefs. In short, Plaintiff James L. Cunningham was an employee of Space Telescope Science Institute and a participant in the Company's Group Long Term Disability Income Plan. Cunningham's long term disability policy was issued by LINA. According to Cunningham, LINA paid him long term disability benefits from December 9, 1999 to June 8, 2000. LINA contends that it began paying benefits on December 9, 1997. Regardless, the parties agree that LINA discontinued payment on June 8, 2000 and denied Cunningham's administrative appeal for further benefits on June 20, 2002.

  In addition, Cunningham alleges that LINA based its decision to deny benefits on a Transferable Skills Analysis/Labor Market Survey ("TSA/LMS") Report but did not provide him with a copy of the report until August 17, 2002. Specifically, he argues that LINA "buried" the report with other file information and states that he did not discover the document until February 2005 "because it was included with numerous other documents that were already familiar to [me] and had been reviewed many times before."

  Cunningham, acting *pro se*, filed the instant complaint on June 16, 2008. In the complaint, Cunningham seeks to recover the long term disability benefits denied to him by LINA. While he also contends that LINA breached its fiduciary duty—in violation of ERISA— by withholding the TSA/LMS Report, the relief sought by Cunningham relates solely to his denial of benefits claim. In its motion, LINA argues that Cunningham's complaint should be dismissed because it was filed after the applicable statute of limitations had expired.

  As a preliminary matter, it should be noted that, despite Cunningham's artful pleading, his complaint is limited to the denial of benefits claim. See Kopicki v. Fitz-Gerald Automotive Family Employee Benefits Plan, 121 F. Supp. 2d 467, 483 (D. Md. 2000) (finding that "a plan beneficiary cannot merely recast a claim predicated upon the fiduciary's alleged mishandling of an isolated claim for coverage in the form of a breach of duty."). Thus, the appropriate statute of limitations is that governing ERISA denial of benefit claims.

Because "ERISA provides no explicit limitation period for bringing a private cause of action," "the federal courts look to state law for an analogous limitation provision to apply." Dameron v. Sinai Hosp. of Baltimore, Inc., 815 F.2d 975, 981 (4th Cir. 1987). Denial of benefit cases are analogous to breach of contract disputes, meaning that—in Maryland—the statute of limitations is three years. Id. (noting that under Maryland law, the limitation period for contract disputes is three years). The statue of limitations begins to run when a claim of benefits has been made and formally denied. See Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir. 1989).

Here, Cunningham's benefits claim was formally denied on June 20, 2002, almost six years prior to the filing of the instant suit. Additionally, even if Cunningham is correct in that the statute of limitations should have been tolled until LINA produced the TSA/LMS Report, he received the report on August 17, 2002, far more than three years before Cunningham filed the complaint.[1] Because Cunningham's complaint was filed after the limitations period had expired, the Court has no choice but to dismiss the case.[2] Accordingly, LINA's Motion to Dismiss is GRANTED and the Clerk is DIRECTED to close the case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

Benson Everett Legg
Chief Judge

---

[1] Cunningham also argues that the statute of limitations should have been tolled until he discovered the TSA/LMS Report. Not only is this an inaccurate statement of the law, it also fails to change the Court's analysis. Cunningham discovered the report in February 2005, still more than three years prior to his filing the complaint.

[2] Finally, even if Cunningham's complaint were not limited to his denial of benefits claim, the case would still be dismissed. Assuming, *arguendo*, that Cunningham had a valid ERISA claim for breach of fiduciary duty, such a claim could not be brought more than "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113. In this case, Cunningham contends that LINA breaches its fiduciary duty by withholding the TSA/LMS Report. Because he discovered that LINA had withheld the report in February 2005, however, Cunningham had actual knowledge of the beach more than three years prior to his filing the complaint. As a result, any potential claim for breach of fiduciary duty would also be barred by the applicable statute of limitations.